See also, Bkrtcy., 92 B.R. 501.

**In re GRANADA, INC., Debtor.**

**Peter W. BILLINGS, Jr., Trustee for Granada, Inc., Plaintiff,**

**v.**

**ZIONS FIRST NATIONAL BANK, N.A., a national banking association, Lockhart Company, a Utah corporation, and Foothill Financial, a Utah corporation, f/k/a Foothill Thrift & Loan, Defendants.**

**Bankruptcy No. 87C–00693.**
**Adv. No. 89PC–0418.**

United States Bankruptcy Court,
D. Utah.

Jan. 26, 1990.

Robert P. Rees, Fabian & Clendenin, Salt Lake City, Utah, for trustee.

J. Randall Call, Prince, Yeates & Geld-zahler, Salt Lake City, Utah, for defendants.

## MEMORANDUM OPINION AND ORDER

### GLEN E. CLARK, Chief Judge.

The matter presently before the court is a motion filed by the defendants, Zions First National Bank, N.A. ("Zions") and the Lockhart Company ("Lockhart") (hereinafter referred to collectively as "defendants"),[1] to dismiss the above-captioned adversary proceeding commenced by the Chapter 11 trustee, Peter W. Billings, Jr. ("trustee"). A hearing was held on October 12, 1989. Robert P. Rees appeared on behalf of the trustee. J. Randall Call appeared on behalf of the defendants. Counsel presented argument after which the court took the matter under advisement. The court has carefully considered and reviewed the arguments of counsel and memoranda submitted by the parties and has made an independent review of the pertinent authorities. Now being fully advised, the court renders the following decision.

On February 13, 1987, Granada, Inc. ("Granada") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On June 22, 1987, the court appointed the trustee. On June 20, 1989, the trustee filed a complaint[2] in this court instituting the present adversary proceeding against the defendants claiming that certain payments made by Granada to the defendants were avoidable as preferential and/or fraudulent transfers under 11 U.S.C. §§ 547(b) and 548(a)[3] and that the value of those payments was recoverable by him under U.S.C. § 550(a). On September 12, 1989, the defendants filed the present motion to dismiss.

## PROCEDURAL POSTURE

The defendants' motion to dismiss is brought pursuant to Bankruptcy Rule of Procedure 7012 which makes Federal Rule of Civil Procedure 12(b)(6) applicable to adversary proceedings. A motion to dismiss under Rule 12(b)(6) for failure to state a claim "will not be granted unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." J. MOORE, MOORE'S FEDERAL PRACTICE, 1989 RULES PAMPHLET, at 130 (Federal Judiciary Ed.1989) (citing *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

## PREFERENCE CAUSE OF ACTION

The first claim for relief asserted by the trustee is for the avoidance of certain alleged transfers under § 547(b), and for the recovery of the funds allegedly transferred from the defendants under § 550(a). The facts, as stated by the trustee, involve a "triangular preference" issue. Specifically, the court must decide whether the one year preference period applicable to insiders under § 547(b)(4)(B) may be used by the trustee to avoid numerous alleged transfers made by Granada to the non-insider defendants but which transfers benefited insider-creditors. If the one year preference period is held to apply to the non-insider defendants, a question arises as to whether the trustee can collect the avoided transfers directly from them under § 550(a).

At the time of the hearing of the present motion, only one circuit had ruled on the merits of a triangular preference cause of action. In *Levit v. Ingersoll Rand Financial Corp.*, 874 F.2d 1186 (7th Cir.1989), the Seventh Circuit disagreed with a majority of lower court decisions and held that the

1. Foothill Financial, the third defendant in the instant adversary proceeding, originally filed a separate motion to dismiss. Foothill has, however, withdrawn its motion. The present opinion, therefore, will deal solely with those paragraphs of the trustee's complaint that pertain to transactions involving Zions First National Bank, N.A. and the Lockhart Company.

2. The complaint was amended by the trustee on October 5, 1989. References in this opinion to "the complaint" refer to the amended complaint.

3. Unless otherwise stated, all future references to statutory sections are to Title 11 of the United States Code.

value of transfers made to a lender between ninety days and one year of the borrower's bankruptcy filing were avoidable as preferences and could be recovered directly from the outsider-lender if the transfers benefited an insider-creditor. At oral argument, the defendants in the instant case urged the court not to adopt the reasoning set forth by the Seventh Circuit in *Levit*. However, since the matter was taken under advisement, the Tenth Circuit has rendered an opinion in *In re Robinson Brothers Drilling, Inc.*, 892 F.2d 850 (10th Cir.1989), which directly addresses the merits of a triangular preference cause of action. Similar to *Levit*, the *Robinson Brothers Drilling* case involved a debtor who had made payments to various non-insider lenders within one year of filing bankruptcy in partial satisfaction of its debts to those lenders. Adopting the opinion of the district court in full, the Tenth Circuit held that the trustee could apply the one year preference period applicable to insiders to avoid the transfers made by the debtor to the non-insider lenders because the transfers benefited an insider-creditor of the debtor. The court in *Robinson Brothers Drilling* went on to hold that the trustee could recover the funds transferred by the debtor from either the non-insider lender or the insider-creditor because an avoided transfer may be recovered by the trustee for the benefit of the estate from the "initial transferee [outsider-lender] of such transfer *or* the entity for whose benefit such transfer was made [insider-guarantor]." 11 U.S.C. § 550(a)(1) (1989) (emphasis added).

■ In the present case, the alleged transfers complained of by the trustee can be divided into four groups. Two of the four groups involve transfers very similar to the transfers in question in *Robinson Brothers Drilling*. The two groups are as follows:

#### 1. *Zions/Hillgate/Larsen Transfers*

In paragraphs 10–15 of the trustee's complaint, he alleges that Granada made four loan payments to Zions within one year of filing bankruptcy for application to a loan that Zions had made to Granada. The trustee maintains that:

(a) Granada made two of the four loan payments to Zions within ninety days of filing bankruptcy.

(b) Granada made all four of the loan payments to Zions during the one year pre-petition period for the benefit of an insider-creditor, because:

(i) The loan is secured by real property that is titled in the name of Granada, but whose title is currently being challenged in an adversary proceeding that was brought by Hillgate Park Partnership ("Hillgate"), a Utah limited partnership of which Granada was a general partner. According to the trustee, if Hillgate prevails in its adversary proceeding against Granada, the loan will be secured by an accommodation pledge of property owned by an insider; and/or

(ii) The loan was guaranteed by C. Dean Larsen ("Larsen") who is an insider of Granada because he was president of the corporation at the time the alleged transfers were made.

#### 2. *Zions/Cordova Transfers*

In paragraphs 27–28 of his complaint, the trustee asserts that Granada paid Zions $120,711.11 within one year of filing bankruptcy for application to a loan that Zions had made to Granada. According to the trustee, the loan was secured by real property owned by Cordova, Ltd. ("Cordova"), a Utah limited partnership. Cordova is apparently an insider of Granada because Granada was a general partner of Cordova when the alleged transfers were made.

Similar to the transfers before the court in *Robinson Brothers Drilling*, the abovementioned groups of alleged transfers involve payments by Granada for application to a loan made by Zions, a non-insider lender, to Granada. The loans in question were allegedly guaranteed by an insider, or secured by real property owned by insiders and, therefore, said insiders are deemed to be "creditors" of the debtor within the meaning of § 101(9)(A). Moreover, the alleged transfers could be found to have

benefited the insider-creditors because they reduced their potential exposure to liability. Accordingly, the facts as alleged by the trustee in paragraphs 10–15 and paragraphs 27–28 of his complaint are sufficient to state a claim under §§ 547(b) and 550(a) upon which relief can be granted.

In paragraphs 7–9 and paragraphs 21–23 of the trustee's complaint, he asserts facts significantly different than those before the court in *Robinson Brothers Drilling.* The court will address each of these two groups of alleged transfers separately.

In paragraphs 7–9 of the trustee's complaint, he alleges that within one year of filing bankruptcy Granada made two loan payments to Lockhart, a non-insider, for application to a loan that Lockhart had made to Larsen in his individual capacity. The trustee claims that the one year preference period can be applied to avoid the transfers to Lockhart because they were made by Granada to benefit Larsen who, as former president of Granada, is an insider. The trustee further argues that Larsen is a creditor of the estate within the meaning of § 101(9)(A) because Granada allegedly owes him money and he guaranteed several of Granada's loans.

While the facts alleged by the trustee indicate that Granada made two payments to Lockhart for the benefit of an insider-creditor, he has failed to plead facts sufficient to satisfy § 547(b)(2), which requires that the transfers in question be made "for or on account of an antecedent debt *owed by the debtor....*" (emphasis added). Specifically, the trustee has not alleged that Granada is liable on the loan made by Lockhart to Larsen. Unless within fourteen days the trustee is able to amend his complaint to properly allege Granada's liability on the Larsen–Lockhart loan, his preference cause of action based on the facts alleged in paragraphs 7–9 of his complaint will be dismissed.

The fourth group of alleged transfers complained of by the trustee in paragraphs 21–23 of his complaint involve transfers by Granada to an insider-creditor that enabled the insider-creditor to satisfy a loan made to it. The trustee claims that within one year of filing bankruptcy Granada transferred funds to Shenandoah, Ltd. ("Shenandoah"), a Utah limited partnership of which Granada was a general partner at the time, to enable Shenandoah to make loan payments to Lockhart on a loan that Lockhart had made to Shenandoah. According to the trustee, Shenandoah transferred the funds that it had received from Granada to Lockhart for application to its loan. Furthermore, the trustee asserts that Shenandoah is a creditor of Granada because: (1) it has an undisputed claim for $250,000.00 against the estate, and (2) under the Utah Limited Partnership Act §·48–2–1 et seq., and 11 U.S.C. § 723(a), Shenandoah has a statutory right to make demand on Granada for contributions sufficient to pay all partnership debts that it cannot afford. On the basis of these assertions, the trustee maintains that the transfers allegedly made by Granada are avoidable under § 547(b) because it made the transfers within one year of filing bankruptcy for the benefit of an insider-creditor. As avoidable preferences, the trustee argues that under § 550(a) he can recover the value of the transfers from Lockhart because it "is, in law, the initial transferee of Granada's payment or, in the alternative, the entity for whose benefit Granada deposited the money into Shenandoah's [sic] account." Amended Complaint, p. 5.

Analyzing the trustee's claim under § 547(b), the court concludes that he has asserted sufficient facts to establish a preference cause of action. According to the trustee, Granada transferred property within one year of filing bankruptcy to or for the benefit of Shenandoah, an insider. Further, the trustee has sufficiently alleged that Shenandoah is a creditor of the estate. Finally, since Granada was a general partner of Shenandoah at the time the transfers were made, it was liable for the unpaid debts of Shenandoah and, therefore, the transfers were made on account of an antecedent debt owed by Granada. Utah Code § 48–2–9 (1988) (general partner of a limited partnership has all the same liabilities as a partner in a partnership without limited partners); Utah Code § 48–1–12(2) (1988) (general partners are liable jointly

for all debts and obligations of the partnership).

Having determined that the trustee has alleged sufficient facts to state a preference cause of action, the court takes issue with the affect of a release that the trustee admits it obtained from Shenandoah. Apparently,[4] the trustee released Shenandoah from all claims under §§ 544, 547, 548, and 550 prior to commencing the present adversary proceeding. Absent grounds for recovery against Shenandoah, the defendants argue that the trustee has no grounds for recovery against Lockhart.

The trustee has responded to the defendants' arguments stating that *Robinson Brothers Drilling* and *Levit* establish joint and several liability between Lockhart and Shenandoah under the Bankruptcy Code. As jointly liable parties, the trustee cites Utah Code § 78–27–47 (1988) for the proposition that the release of one jointly liable party does not release the other party unless the writing expressly so provides. Accordingly, the trustee argues that he can in effect "leapfrog" Shenandoah to recover from Lockhart.

Section 78–27–42 is part of the Utah Comparative Negligence Act.[5] The present action being a preference cause of action, it is unclear on what basis the trustee is asserting the applicability of § 78–27–42. Unless the trustee can establish that a preference cause of action is a tort, the broader provisions of Utah Code §§ 15–4–4, –5 (1988) apply. However, even if the court were to reject the trustee's § 78–27–42 argument and apply §§ 15–4–4 and 15–4–5 to the present action, paragraphs 21–23 of the trustee's complaint would not be dismissed.

Section 15–4–4 of the Utah Code states that if an obligee releases or discharges a joint or joint and several obligor and does not make a reservation of rights, the co-obligors shall be discharged to the extent provided in § 15–4–5. Utah Code § 15–4–5

grounds the co-obligor's release on the knowledge of the obligee of the obligor's responsibilities to the co-obligor when it made the release of the obligor. The knowledge of the obligee, or in this case the estate, of Shenandoah's responsibilities is clearly an issue of fact and, therefore, the extent of Lockhart's apparent release cannot be determined at this juncture.

■ To the extent that the trustee-Shenandoah release does not shield Lockhart from liability, the court concludes that the trustee has alleged sufficient facts to assert a cause of action under §§ 547(b) and 550(a). Although the trustee has released Shenandoah from liability for claims arising under §§ 547(b) and 550(a), the release does not operate to vitiate the existence of the alleged preferential transfer. Since an avoidable transfer may exist, the trustee is authorized under § 550(a)(1) or (2) to recover the funds allegedly transferred by Granada for the benefit of the estate from either the initial transferee or a person for whose benefit the transfer was made, or an immediate or mediate transferee. The release does not affect Lockhart's status as a transferee.

Aside from the affect of the release, the court questions whether Lockhart can be deemed to be a transferee under § 550(a). Specifically, the court takes issue with whether Lockhart can be viewed as an "initial transferee of [the] transfer[s] [made to Granada] or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a)(1) (1989). In answering this question, the court notes that there are numerous cases in which a debtor, prior to filing for bankruptcy and within the preference period, makes a transfer of funds to an entity under a prearranged agreement with that entity that upon receipt of the funds it will transfer them to a third party. The majority of courts hold that the transfer by the debtor to the entity will be collapsed and the third party will be treated as the

---

**4.** The release was not offered as an exhibit at the hearing on the defendants' motion to dismiss. The trustee has not, however, contested the existence of the release or its contents.

**5.** True to the trustee's assertions, that section reads: "A release given by a person seeking recovery to one or more defendants does not discharge any other defendant unless the release so provides."

"initial transferee" for purposes of § 550(a)(1) if the entity immediately transferred the funds to the third party, did not use any of the funds, and was intended by all of the parties involved to be merely a conduit. *See, e.g., In re Harbour*, 845 F.2d 1254 (4th Cir.1988). Accordingly, based on the facts asserted by the trustee in the present case, it is conceivable that Lockhart could be held to be an "initial transferee" under § 550(a)(1).

Furthermore, although not mentioned at oral argument, it is possible that recovery may be had against the defendants as immediate or mediate transferees of the initial transferee pursuant to § 550(a)(2). Recovery under that section is limited by § 550(b) which prohibits the trustee from recovering from such transferees if they "(1) [took] for value, ... in good faith, and without knowledge of the voidability of the transfer avoided; or (2) [if they were] good faith transferee[s]...." These are, however, questions of fact to be proved at trial. Accordingly, the trustee has alleged sufficient facts in paragraphs 21–23 of his complaint to state a preference cause of action.

## FRAUDULENT TRANSFER CAUSE OF ACTION

In addition to the preference causes of action, the trustee's complaint asserts that the alleged transfers can be avoided as fraudulent transfers under § 548(a)(2)(A)(B)(i). That section reads in relevant part as follows:

> The trustee may avoid any transfer of an interest of the debtor in property, ... that was made ... on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> (2)(A) received less than a reasonably equivalent value in exchange for such transfer ...; and
>
> (B)(i) was insolvent on the date that such transfer was made ..., or became insolvent as a result of such transfer....

The facts asserted by the trustee to support the first, second, third, and fourth groups of alleged transfers are sufficient to state a fraudulent conveyance cause of action.

## CONCLUSION

Accordingly, it is HEREBY ORDERED that with the exception of the trustee's preference cause of action based on paragraphs 7–9 of the complaint, the defendants' motion to dismiss is DENIED. Unless the trustee amends his complaint in accordance with this opinion within fourteen (14) days, his preference cause of action based on the facts alleged in paragraphs 7–9 of his complaint will be DISMISSED.